IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALLIED ELECTRICAL & POWER, INC.**, | § § § § § | |
| Plaintiff, | | |
| v. | § § § | Civil Action No. **3:07-CV-0256-L** |
| **AIRPORT PRODUCT INSTALLERS, LLC,** and **MICHAEL SHAW**, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's F.R.C.P. 12(b)(6) Motion to Dismiss Counterclaims of Defendant Airport Product Installers, LLC and F.R.C.P. 9 Objections, filed May 18, 2007. After careful consideration of the motion, briefs, response, reply, record, and applicable law, the court **grants** Plaintiff's F.R.C.P. 12(b)(6) Motion to Dismiss Counterclaims of Defendant Airport Product Installers, LLC as to the industrial espionage counterclaim and **denies without prejudice** the motion as to the fraud counterclaim. The court also **overrules as moot** Plaintiff's F.R.C.P. 9 Objection as to the industrial espionage counterclaim and **sustains** the objection as to the fraud counterclaim.

### I. Procedural and Factual Background

This case arises out of a dispute involving a contract to repair airport conveyor equipment. In late November 2005, Michael Shaw ("Shaw"), a representative of Airport Product Installers, LLC ("API"), contacted Allied Electrical & Power, Inc. ("Allied Electrical" or "Plaintiff") regarding an upgrade to baggage control equipment for Southwest Airlines at Nashville BNA Airport ("Southwest"). The Thanksgiving travel rush in 2005 caused Southwest employees to manually

operate the baggage system, so Southwest wanted the upgrade completed before the next holiday travel rush. An Allied Electrical representative reviewed the area and scope of the project, and Allied Electrical submitted an estimate to API for the electrical, control, and programming services required to rework the existing conveyor equipment. The estimate totaled $64,150. On December 8, 2005, Allied Electrical began work on the project and, sometime in December 2005, forwarded two invoices to API. Allied Electrical and API discussed these invoices. The baggage conveyor system did not operate properly. It malfunctioned, constantly broke down, and ultimately became inoperable. Both API and Shaw demanded that Allied Electrical correct its substandard work and repair the system, but Allied Electrical would either refuse or ignore these demands. In response to the demands, Allied Electrical demanded amounts in excess of the contracted price, so API made various corrections and repairs on its own. According to API, Allied Electrical then sent individuals to sabotage the use of the baggage system. API spent approximately $166,314 to correct Allied Electrical's substandard work and overcome Allied Electrical's sabotage of the baggage system.

On February 7, 2007, Plaintiff filed suit, alleging breach of contract, suit on sworn account, and quantum meruit/unjust enrichment. Upon the agreement of the parties to extend the answer deadline, API and ShawDecember 20, 2007 filed an answer on May 17, 2007, counterclaiming for breach of contract, fraud, industrial espionage, and negligence. Allied Electrical filed Plaintiff's F.R.C.P. 12(b)(6) Motion to Dismiss Counterclaims of Defendant Airport Product Installers, LLC and F.R.C.P. 9 Objections on May 18, 2007. Plaintiff seeks dismissal, or in the alternative, a more definite statement, of API's fraud and industrial espionage claims.

## II.     Rule 12(b)(6) - Standard for Dismissal for Failure to State a Claim

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey*, 117 F.3d at 247. A court, however, is not to strain to find

inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III. Discussion

Allied Electrical argues that API fails to state a claim upon which relief can be granted in its counterclaims for industrial espionage and fraud. The court addresses the sufficiency of each of these counterclaims.

#### A. Industrial Espionage

In support of its motion to dismiss the industrial espionage counterclaim, Plaintiff contends that the cause of action does not exist. Plaintiff also contends that API has not alleged the elements of this claim or shown how Plaintiff's actions satisfied such elements.

In opposition to Plaintiff's motion to dismiss, API argues that Texas law and federal courts recognize claims for industrial sabotage and that the allegations in the counterclaim sufficiently describe Plaintiff's conduct that gives rise to this cause of action. API also alleges that although the Federal Rules of Civil Procedure do not require a party to allege elements of a cause of action, its counterclaim provides the elements of its industrial espionage claim. Accepting all well-pleaded facts in the answer as true and viewing them in the light most favorable to API, the court agrees with Plaintiff.

The court knows of no applicable Texas or federal authority that recognizes a claim for industrial espionage and can find none through its independent research. A claim is "[t]he aggregate

of operative facts giving rise to a right enforceable by a court." Black's Law Dictionary 264 (8th ed. 2004). API cites *Burton v. Gerland's Food Fair, Inc.*, 1998 WL 856327 *2 (Tex. App.–Houston [14th Dist.] 1998, no writ); *E.S.I. Meats, Inc. v. Gulf Fla. Terminal Co.*, 639 F.2d 1348, 1350 (5th Cir. 1981); and *Johns-Manville Prod. Corp. v. N.L.R.B.*, 557 F.2d 1126, 1139 (5th Cir. 1977), to support its argument that such a cause of action exists. The court finds this reliance to be misplaced. None of these cases held that allegations of industrial espionage gave rise to any right that was enforceable by the court. Therefore, even assuming API can prove all of the allegations contained in this counterclaim, it has not stated a claim that is recognized under Texas or federal law. Because industrial espionage is not a claim that is recognized by Texas or federal law, the court **grants** Plaintiff's F.R.C.P. 12(b)(6) Motion to Dismiss Counterclaims of Defendant Airport Product Installers, LLC as to this counterclaim and **overrules** Plaintiff's F.R.C.P. 9 Objection as moot.

### B. Fraud

Allied Electrical also argues that API's fraud counterclaim should be dismissed because it fails to allege sufficient facts to support a claim for fraud and contain the requisite particularity to provide adequate notice of the fraud claim. To plead fraud with the requisite particularity, a pleading must specify the statements alleged to be fraudulent, "identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Barrie v. Intervoice-Brite, Inc.*, 397 F.3d 249, 256 (5th Cir.), *modified and reh'g denied*, 409 F.3d 653 (2005). Fed. R. Civ. P. 9 requires allegations of fraud to be stated with particularity to:

> ensure that the allegations are specific enough to inform a [party] of the act of which [another party] complains and to enable [such party] to prepare an effective response and defense[,] . . . eliminate[] those [pleadings] filed as a pretext for discovery of unknown wrongs[,] . . . and to protect [parties] from unfounded charges of wrongdoing which injure their reputations and good will.

**Memorandum Opinion and Order - Page 5**

*In re Commonwealth Oil/Tesoro Petroleum Corp. Sec. Litig.*, 467 F.Supp. 227, 250 (W.D. Tex. 1979) (internal quotation marks and citation omitted).

API alleges the following:

> The conduct of the Plaintiff constitutes fraud. Plaintiff represented it could and would do the work described in the agreement as well as have the professional competence to do so. Plaintiff knew that Defendant API was relying on these representations when it hired Plaintiff. [Plaintiff] knew these representations were either false and/or recklessly made with the intent for Defendant API to rely on same. As a result, Defendant API suffered not only damages to remedy these falsehoods but to the relationship between API and Defendant Southwest Airlines.

Def. Orig. Answer & Countercl. ¶ 31. These allegations specify the statements alleged to be fraudulent and explain why the statements were fraudulent. Aside from the reference to "Plaintiff," however, the allegations fail to identify the speaker. The court believes that API should be able to identify the person who was speaking on behalf of Plaintiff. The allegations also fail to state when and where the statements were made. As Plaintiff correctly points out, allegations of time and place are material and must be considered like all other allegations of material matters. Pl.'s Mot. to Dismiss ¶ 2.2 (citing Fed. R. Civ. P. 9(f)).

Although API has failed to plead fraud with the requisite particularity, the court cannot conclude that API can prove no set of facts in support of its claim that would entitle it to relief. As API correctly distinguishes, it is not merely reasserting a breach of contract counterclaim; it alleges facts that amount to a claim for fraudulent inducement. Therefore, Plaintiff's reliance on *Spoljaric v. Pervical Tours, Inc.*, 708 S.W.2d 432 (Tex. 1986) (dealing with fraud based upon a party's promise to do an act in the future that it had no intention of performing), is inapplicable. Although API has failed to plead fraud with the requisite particularity, it should be given an opportunity to

correct the defect. Accordingly, the court **denies without prejudice** Plaintiff's F.R.C.P. 12(b)(6) Motion to Dismiss Counterclaims of Defendant Airport Product Installers, LLC as to this counterclaim and **sustains** Plaintiff's F.R.C.P. 9 Objection. API shall replead its fraud counterclaim to rectify the deficiencies herein noted.

## IV. Conclusion

For the reasons stated herein, assuming all facts alleged in API's counterclaims to be true and resolving every doubt in favor of API, the court determines that API can prove no set of facts in support of its industrial espionage claim that would entitle it to relief and the fraud counterclaim is not pleaded with the requisite particularity. Accordingly, the court **grants** Plaintiff's F.R.C.P. 12(b)(6) Motion to Dismiss Counterclaims of Defendant Airport Product Installers, LLC as to the industrial espionage counterclaim and **denies without prejudice** the motion as to the fraud counterclaim. The court also **overrules as moot** Plaintiff's F.R.C.P. 9 Objection as to the industrial espionage counterclaim and **sustains** the objection as to the fraud counterclaim. API shall replead its fraud counterclaim no later than **5:00 p.m., January 7, 2008**.

**It is so ordered** this 20th day of December, 2007.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge