IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALLIED ELECTRICAL & POWER, INC.**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:07-CV-0256-L** |
| **AIRPORT PRODUCT INSTALLERS**, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Summary Judgment of Defendant's Counterclaims, filed June 6, 2008. After careful consideration of the motion, briefs, response, reply, record, and applicable law, the court **denies** Plaintiff's Motion for Summary Judgment of Defendant's Counterclaims. The court also **overrules as moot** Plaintiff's Objections to portions of the Affidavit of Calvin Phillips and **overrules as moot** Defendant's Objections to portions of the Declaration of Scott McBrayer.

### I. Procedural and Factual Background

This case arises out of a dispute involving a contract to repair airport conveyor equipment. In late November 2005, Michael Shaw ("Shaw"), a representative of Airport Product Installers, LLC ("API"), contacted Allied Electrical & Power, Inc. ("Allied Electrical" or "Plaintiff") regarding an upgrade to baggage control equipment for Southwest Airlines at Nashville BNA Airport ("Southwest"). The Thanksgiving travel rush in 2005 caused Southwest employees to operate the baggage system manually, so Southwest wanted the upgrade completed before the next holiday travel rush. An Allied Electrical representative reviewed the area and scope of the project, and

Allied Electrical submitted an estimate to API for the electrical, control, and programming services required to rework the existing conveyor equipment. The estimate totaled $64,150. On December 8, 2005, Allied Electrical began work on the project and, sometime in December 2005, forwarded two invoices to API. Allied Electrical and API discussed these invoices. The baggage conveyor system did not operate properly. It malfunctioned, constantly broke down, and ultimately became inoperable. API demanded that Allied Electrical correct its allegedly substandard work and repair the system, but Allied Electrical either refused or ignored these demands. In response to the demands, Allied Electrical demanded amounts in addition to the estimated price, so API made various corrections and repairs on its own. API spent approximately $166,314 to correct Allied Electrical's allegedly substandard work.

On February 7, 2007, Plaintiff filed suit, alleging breach of contract, suit on sworn account, and quantum meruit/unjust enrichment. Upon the agreement of the parties to extend the answer deadline, API and Shaw (who is no longer a party in this case) filed an answer on May 17, 2007, counterclaiming for breach of contract, fraud, industrial espionage, and negligence. On December 20, 2007, the court dismissed the industrial espionage counterclaim and ordered API to replead its fraud counterclaim. API filed an Amended Answer and included the repleaded fraud counterclaim on January 7, 2008. Allied Electrical filed Plaintiff's Motion for Summary Judgment of Defendant's Counterclaims on June 6, 2008. Plaintiff seeks summary judgment on Defendant's breach of contract, fraud, and negligence counterclaims.

## II.     Legal Standard – Motion for Summary Judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition

to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Discussion

Allied Electrical argues that the court should dismiss API's counterclaims for fraud, negligence, and breach of contract because API fails to present any evidence of these claims and has waived these claims by its conduct. API disagrees and counters that it has not waived its counterclaims and it has presented sufficient evidence to establish that there are genuine issues of material fact with respect to these claims.

To maintain a cause of action for fraud, a party must show that:

> (1) a material representation was made;
> (2) the representation was false;
> (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion;
> (4) the speaker made the representation with the intent that the other party should act upon it;
> (5) the party acted in reliance on the representation; and
> (6) the party thereby suffered injury.

*In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).

To prevail on a negligence cause of action, "a party must establish a duty, a breach of that duty, and damages proximately caused by the breach." *Kroger v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (citation omitted).

To recover for breach of contract, a party must show "(1) the existence of a valid contract between the plaintiff and defendant, (2) the plaintiff performed, (3) the defendant breached the contract, and (4) the plaintiff was damaged as a result of the breach." *James M. Clifton, Inc. v. Premillenium, Ltd.*, 229 S.W.3d 857, 859 (Tex. App.–Dallas 2007, no pet.).

After careful review of the record and competent summary evidence presented in this case,[1] the court determines that a genuine issue of material fact exists as to each of Defendant's counterclaims. Plaintiff's waiver defense to Defendant's counterclaims also fails.[2] Therefore, Plaintiff is not entitled to judgment as a matter of law on Defendant's counterclaims.

## IV. Conclusion

For the reasons stated herein, the court determines that genuine issues of material facts exist as to each of Defendant's counterclaims and Plaintiff's waiver defense. Accordingly, the court **denies** Plaintiff's Motion for Summary Judgment of Defendant's Counterclaims. The court also **overrules as moot** Plaintiff's Objections to portions of the Affidavit of Calvin Phillips and **overrules as moot** Defendant's Objections to portions of the Declaration of Scott McBrayer.

---

[1] In reaching its conclusion, the court did not rely on any portion of the Affidavit of Calvin Phillips or the portions of the Declaration of Scott McBrayer to which Defendant objects. Therefore, these objections are moot.

[2] "Waiver is the intentional relinquishment of a known right made expressly or indicated by conduct that is inconsistent with an intent to claim the right." *In re Hicks*, 252 S.W.3d 790, 795 (Tex. App.–Houston [14th Dist.] 2008, no pet.). This defense "is ordinarily a question of fact, dependent upon things done and said." *Alford, Meroney & Co. v. Rowe*, 619 S.W.2d 210, 213 (Tex. Civ. App. 1981, no writ). In this case, the facts upon which Plaintiff's waiver defense is based are disputed, and the court may not make credibility determinations or weigh the evidence with respect to this claim. Therefore, genuine issues of material fact exist as to Plaintiff's waiver defense.

**It is so ordered** this 10th day of October, 2008.

  Sam A. Lindsay
  United States District Judge

**Memorandum Opinion and Order - Page 6**